**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NAV-TV, CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:15-cv-01467-JRG-RSP |
| | § | |
| AUDIONICS SYSTEM, INC. d/b/a | § | JURY TRIAL DEMANDED |
| CRUX INTERFACING SOLUTIONS | § | |
| AND CARAUDIO-SYSTEMS VERTRIEBS | § | |
| GMBH, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff NAV-TV Corp. ("NAV-TV" or "Plaintiff"), files this Amended Complaint against Defendants Audionics System, Inc. d/b/a Crux Interfacing Solutions ("Crux") and Caraudio-Systems Vertriebs GmbH ("Caraudio-Systems"), and as claim for relief states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for patent infringement under the Patent Act.

**PARTIES**

2. NAV-TV is a Florida corporation organized and existing under the laws of the State of Florida with a place of business at 3950 NW 120th Ave., Coral Springs, Broward County, Florida 33065. NAV-TV is authorized to do business in the State of Texas with a registered agent and office in the Eastern District of Texas located at 2325 Oak Alley, Tyler, Texas 75702.

3. NAV-TV is generally in the business of manufacturing and selling products that integrate with the vehicle to control vehicular functions. NAV-TV is a market leader in Original Equipment Manufacturer ("OEM") video integration and Video in Motion products for vehicles.

NAV-TV provides product solutions to new vehicle owners allowing seamless integration to the factory head unit. NAV-TV's proprietary products and technical support enables customers to install and use after-market equipment in OEM installed vehicles.

4. On information and belief, Defendant Crux is a California corporation with its principal place of business at 6860 Canby Avenue, Suite 116, Reseda, California, 91335.

5. On information and belief, Crux is in the business of offering for sale and selling integration products for vehicles, including OEM video integration and Video in Motion, for vehicles.

6. On information and belief, Defendant Caraudio-Systems is a German corporation with a principal place of business at In den Fuchslöchern 3, 67240 Bobenheim-Roxheim, Germany.

7. On information and belief, Caraudio-Systems is in the business of offering for sale, selling, and making integration products for vehicles, including OEM video integration and Video in Motion for vehicles.

## JURISDICTION

8. This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq*.

9. This Court has subject matter jurisdiction of the action under Title 28, United States Code, §§ 1331, 1338(a), and 1367.

10. Venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and 1400(b).

11. Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271, and place infringing products into the stream of commerce, with

knowledge or understanding that such products are sold in the State of Texas, including in this District.

## BACKGROUND

12. NAV-TV is the owner of all rights, title and interest in and to United States patent No. 7,917,261 ("the '261 Patent"), attached hereto as Exhibit A, and United States patent No. 8,103,407 ("the '407 Patent"), attached hereto as Exhibit B, (hereinafter collectively "the Patents-in-Suit").

13. The Patents-in-Suit disclose and claim NAV-TV's products, including but not limited to: NTV-KIT260 (ALLGIG XG HS KIT); NTV-KIT211 (BARRACUDA KIT); NTV-KIT391 (MY TOUCH-CAM-KIT).

14. NAV-TV offers for sale the products disclosed and claimed by the Patents-in-Suit, including but not limited to: NTV-KIT260 (ALLGIG XG HS KIT); NTV-KIT211 (BARRACUDA KIT); NTV-KIT391 (MY TOUCH-CAM-KIT), and these products are marked with the patent numbers of the Patents-in-Suit. .

15. On information and belief, Defendants are offering for sale and selling products including but not limited to CRUX VIMCF-93 ("VIMCF-93"), CRUX VIMCF-93C ("VIMCF-93C") and CRUX VIMCF-93E ("VIMCF-93E") that directly infringe at least claims 1, 4, 5, 9, 11 and 12 of the '261 Patent and claims 1, 4, 5, 9, 10, 11 and 12 of the '407 Patent.

## COUNT ONE
## INFRINGEMENT OF U. S. PATENT NO. 7,917,261

16. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-15 herein.

17. Pursuant to 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 4, 5, 9, 11 and 12 of

the '261 Patent by making, offering for sale or use, and/or selling, distributing, promoting or providing for use by others in the Eastern District of Texas and elsewhere in the United States, products including but not limited to VIMCF-93, VIMCF-93C and VIMCF-93E.

18. As a result of Defendants' infringement of the '261 patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that are adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

19. On information and belief, Defendants' infringement of the '261 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '261 Patent.

20. Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendants' willful infringement of the '261 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendants from continuing such infringement.

## COUNT TWO
## INFRINGEMENT OF U. S. PATENT NO. 8,103,407

21. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-20 herein.

22. Pursuant to 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 4, 5, 9, 10, 11 and 12 of the '407 Patent by making, offering for sale or use, and/or selling, distributing, promoting or providing for use by others in the Eastern District of Texas and elsewhere in the United States, products including but not limited to VIMCF-93, VIMCF-93C and VIMCF-93E.

23. As a result of Defendants' infringement of the '407 patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that are adequate to

compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

24. On information and belief, Defendants' infringement of the '407 Patent has been deliberate, willful and with full knowledge of the '407 Patent.

25. Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendants' willful infringement of the '407 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendants from continuing such infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief, as follows:

A. That Plaintiff is the owner of all right, title, and interest in and to United States patent Nos. 7,917,261 and 8,103,407, together with all rights of recovery under such patents for past and future infringement thereof;

B. That United States patent Nos. 7,917,261 and 8,103,407 are valid and enforceable in law and that Defendants have infringed each of said patents;

C. Awarding to Plaintiff its past and future damages caused by Defendants' infringement of United States patent Nos. 7,917,261 and 8,103,407, including an assessment of pre-judgment and post-judgment interest and costs, and an award of supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting, as needed;

D. That Defendants' infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

E. Entering a preliminary and permanent injunction against Defendants, their officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and

successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of the Patents-in-Suit, including without limitation, from continuing to make, use, sell and/or offer for sale;

F.  That this is an exceptional case and awarding to Plaintiff its costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

G.  Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: December 15, 2015

Respectfully submitted,

/Andy Tindel w/ permission of Lead Attorney/

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff NAV-TV, Corp.*

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of December 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

_____

Andy Tindel