## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NAV-TV, CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:15-cv-01467-JRG-RSP |
| | § | |
| AUDIONICS SYSTEM, INC. d/b/a | § | JURY TRIAL DEMANDED |
| CRUX INTERFACING SOLUTIONS and | § | |
| CARAUDIO-SYSTEMS VERTRIEBS | § | |
| GMBH, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF NAV-TV, CORP.'S OPPOSITION TO DEFENDANT AUDIONICS SYSTEM, INC. D/B/A CRUX INTERFACING SOLUTIONS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

Plaintiff NAV-TV, Corp. ("NAV-TV" or "Plaintiff") files this response in opposition to Defendant Audionics System, Inc. d/b/a Crux Interfacing Solutions' ("Crux") motion to transfer venue of this case to the Central District of California on the basis that Crux has failed to establish that the Central District of California is clearly a more convenient venue for this case than the venue chosen by NAV-TV and in support thereof shows as follows:

## I.      PRELIMINARY STATEMENT

Plaintiff is the owner of all rights, title and interest in and to United States Patent No. 7,917,261 ("the '261 Patent") and United States patent No. 8,103,407 ("the '407 Patent")(hereinafter collectively "the Patents-in-Suit").  On August 27, 2015 Plaintiff filed a complaint (Dkt. No. 1) in the Eastern District of Texas ("District") against Crux, a California corporation headquartered in Reseda, California, alleging patent infringement of the Patents-in-

Suit and filed an amended complaint on December 15, 2015 (Dkt. No. 19).[1]  On December 7, 2015,

Crux filed a motion to transfer this case to the Central District of California (Dkt. No. 16).[2]

      Crux's motion to transfer venue of this case to the Central District of California should be

denied because the Central District of California is not a clearly more convenient venue than this

District and the private or public interest factors analyzed in assessing venue transfer either weigh

against transfer or are neutral.  First, the relevant evidence in this case exists in various locations

throughout the United States and in Germany.  Though Crux contends that its evidence is located

at its Reseda, California headquarters, Defendant Caraudio-Systems Vertriebs GmbH's

("Caraudio-Systems") evidence is located in Germany and Plaintiff's evidence is located in Florida

and evidence relating to the prosecution of the Patents-in-Suit is located in New York.  Thus,

California merely represents one of the many locations of relevant evidence.  Second, only two of

the nine potential witnesses in this case are located in California and both of those witnesses are

party witnesses, which are afforded lesser weight in the venue transfer analysis.  Moreover, the

majority of the witnesses live east of Texas, making this District the more convenient venue.

Additionally, the only actual non-party witness identified by Crux is subject to the subpoena power

of the courts in Texas but not in California.  In sum, transfer of this case would merely shift the

---

[1] Plaintiff alleges that in violation of 35 U.S.C. § 271 Crux has directly infringed least claims 1, 4, 5, 9, 11 and 12 of the '261 Patent and claims 1, 4, 5, 9, 10, 11 and 12 of the '407 Patent by offering for sale and selling products including, but not limited to, CRUX VIMCF-93, CRUX VIMCF-93C, and CRUX VIMCF-93E (the "Accused Products") throughout the United States and within the Eastern District of Texas.  *See* Dkt. No. 19.

[2] Through Crux's motion to transfer venue and accompanying declaration of Khalid Jaffer, Plaintiff became aware of Crux's close collaboration in the infringement of the Patents-in-Suit with Caraudio-Systems Vertriebs GmbH ("Caraudio-Systems"), a company located in Bobenheim-Roxheim, Germany.  *See* Declaration of Khalid Jaffer, ¶¶ 4-5, 11-16 (December 7, 2015).  Plaintiff amended this lawsuit to add Caraudio-Systems as an additional defendant on December 15, 2015.  *See* Dkt. No. 19.

inconvenience from Crux's witnesses to the remaining witnesses in this case. Accordingly, Plaintiff's choice of venue should not be disturbed.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), a district court may "transfer any civil action to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to prevent waste and protect the litigants, witnesses and the public from unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L.Ed.2d 945 (1964). Fifth Circuit law governs the transfer of venue analysis. *See In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed.Cir.2008); *Affinity Labs of Texas v. Samsung Elecs. Co.,* 968 F. Supp. 2d 852, 854 (E.D. Tex. 2013).

Under Fifth Circuit law, the threshold inquiry in a transfer of venue analysis under § 1404(a) is whether the plaintiff could have brought the action in the jurisdiction to which the defendant seeks transfer. *In re Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003). Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963). If the transferee venue is proper, it is the defendant's burden to demonstrate that the transferee venue is "*clearly more convenient than the venue chosen by the plaintiff.*" *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (*In re Volkswagen II*) ("when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected"). Thus, "he who seeks the transfer must show good cause." *In re Volkswagen II,* 545 F.3d at 315; *Humble Oil & Ref. Co.,* 321 F.2d at 56. To show good cause, the moving party must demonstrate the transferee venue is clearly more

convenient. *Adaptix, Inc. v. AT&T Mobility LLC,* No. 6:15-CV-43-RWS-JDL, 2015 WL 5908525, at *1 (E.D. Tex. Oct. 1, 2015).  The good cause burden articulated by the Fifth Circuit reflects the appropriate deference to which the plaintiff's choice of venue is entitled and "*places a significant burden on the movant*…"  *In re Volkswagen II,* 545 F.3d at 314 n.10; *Affinity Labs of Texas*, 968 F. Supp. 2d at 854; *ConnecTel, LLC v. Cisco Sys., Inc.*, No. 2:04-CV-396-LED, 2005 WL 366966, at *2 (E.D. Tex. Feb. 16, 2005).

In deciding whether a movant has met its burden, the Fifth Circuit applies a series of private and public interest factors.  *In re Volkswagen II,* 545 F.3d at 315.  The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *In re Nintendo,* 589 F.3d at 1198; *In re Volkswagen AG,* 371 F3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"); *Wireless Recognition Techs. LLC v. A9.com, Inc*., No. 2:10-CV-364-JRG, 2012 WL 506669, at *2 (E.D. Tex. Feb. 15, 2012).

The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *In re Nintendo*, 589 F.3d at 1198; *In re Volkswagen I*, 371 F.3d at 203; *Wireless Recognition*, 2012 WL 506669, at *2.  District courts have broad discretion in deciding whether to order a transfer.  *Balawajder v. Scott,* 160 F.3d 1066, 1067 (5th Cir. 1998); *Kroy IP Holdings, LLC v. Starbucks Corp., Inc.*, No. 2:13-CV-936-JRG, 2014 WL 5343168, at *1 (E.D. Tex. Sept. 30, 2014).   Transfer pursuant to § 1404(a) is inappropriate when it merely shifts the inconvenience from the defendant to the plaintiff.

4

*ThinkTank One Research, LLC v. Energizer Holdings, Inc.*, No. 2:15-CV-389-NFA-RSP, 2015 WL 4116888, at *1 (E.D. Tex. July 7, 2015).

### III.   ARGUMENT

#### A.   Plaintiff does not dispute that this case could have been brought in a number of districts

Plaintiff does not dispute that this case could have brought in a number of districts, including the Central District of California.

#### B.   Both the private interest and public interest factors favor Plaintiff

##### 1.   The private interest factors favor Plaintiff

###### a.   The access to sources of proof factor weighs against transfer because the sources of proof is located in varied locations

Although the location where a defendant's documents are kept is an important consideration in determining the most convenient venue, this factor is deemed neutral where the sources of proof originate from varied locations. *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 869 (E.D. Tex. 2012) (holding that where "the sources of proof originate from varied locations, this factor is neutral"); *Summit 6 LLC v. HTC Corp.*, No. 7:14-CV-14-O, 2014 WL 4449821, at *7 (N.D. Tex. Sept. 10, 2014) (concluding that this factor was neutral where defendant's evidence was in California, Washington, Texas, Illinois, and Taiwan); *Konami Dig. Entm't Co. Ltd. v. Harmonix Music Sys.,* No. 6:08-CV-286-JDL, 2009 WL 781134, at *4 (E.D. Tex. Mar. 23, 2009) ("While Defendants point to [the transferee district] as the location of significant sources of proof, they ignore the remaining sources of proof which originate from other locations").

It is indisputable that the sources of proof in this case are located in various places across the United States and in Germany.  The Defendants' evidence is located not only in California, but

also in Bobenheim-Roxheim, Germany.  *See* Jaffer Decl., ¶ 9.  Indeed, Crux concedes that design documents and records concerning Caraudio-Systems' relationship with Crux as it relates to the Accused Products are located in Germany.  *See id.* at ¶ 13.  In the case of Plaintiff's sources of proof, NAV-TV's documents relating to the conception and reduction to practice of the claimed inventions as well as documents relating to the manufacture, sales, cost, and profit of products embodying the claimed inventions are located at Plaintiff's offices in Florida.  *See* Declaration of Moni Melman, ¶ 13 (December 17, 2015).  Further, evidence relating to the prosecution of the Patents-in-Suit is located in New York.

Moreover, the physical location of documents is of less relevance in today's litigation where documents are routinely transmitted by electronic means and could just as easily be sent to this District as to the Central District of California.  *J2 Global Comms., Inc. v. Protus IP Solutions, Inc.,* No. 6:08-CV-211-LED-JDL, 2009 WL 440525, at *4 (E.D. Tex. Feb. 20, 2009) (stating that the location of electronic sources of proof "will typically not tip this factor in favor of transfer"); *Odom v. Microsoft,* 596 F.Supp.2d 995, 1000 (E.D. Tex. 2009); *Aloft Media LLC v. Adobe Sys. Inc.,* No. 6:07–CV–355, 2008 WL 819956, at *4 (E.D. Tex. Mar. 25, 2008) ("[a]ny convenience or burden associated with electronic discovery bears little, if any, relation to the physical location of the underlying document").  *See also Alvarez v. Babik*, No. 1:13-CV-252, 2014 WL 1123383, at *4 (N.D.W. Va. Mar. 21, 2014).  Indeed, Crux does not even attempt to allege any hardship in transporting physical or electronic evidence to this District.  As such, the location of documents and the distance that the documents must be transported is of little consequence.

Therefore, because the sources of proof at issue in this case are spread across various locations throughout the United States and in Europe and given the ease of transmitting these documents via electronic means, this factor does not weigh in favor of transfer.

   **b.**  **The availability of compulsory process to secure the attendance of witnesses does not weigh in favor of transfer to the Central District of California**

   This factor weighs against transfer because the only actual non-party witness identified by Crux in this case resides in New York and is outside the reach of compulsory process in California. The focus of this factor is on witnesses whom compulsory process to attend might be necessary. *Certified Measurement, LLC v. Centerpoint Energy Houston Elec. LLC*, No. 2:14-CV-627-RSP, 2015 WL 1046267, at *3 (E.D. Tex. Mar. 10, 2015). Party witnesses do not require compulsory process for trial and are not given much weight in this factor. *Id.* (explaining that the location of the defendant's employees would not affect this analysis). *See also Quad Powerline Techs. LLC v. TRENDnet, Inc.*, No. 2:14-CV-1169-JRG-RSP, 2015 WL 4911094, at *4 (E.D. Tex. Aug. 17, 2015) ("Party witnesses do not require compulsory process, and the Court's analysis of this factor focuses on third-party witnesses for whom compulsory process to attend trial might be necessary.")

   Here, while Crux argues that the Central District of California would have effective subpoena power over the Caraudio-Systems employees and this District would not, this argument is inapplicable because Caraudio-Systems is now a party to this lawsuit and the company and its employees are subject to the jurisdiction of this court and to the discovery obligations promulgated by the Federal Rules of Civil Procedure. *See* Jaffer Decl., ¶¶ 14-15 (identifying only employees of Crux and Caraudio-Systems as witnesses); Dkt. No. 19. The only non-party witness is the patent attorney who prosecuted the Patents-in-Suit, Jennifer Meredith, who is located in New York. Ms. Meredith is an active member of the Texas Bar and regularly transacts business in the state of Texas and would not incur substantial expense if required to attend trial in Marshall and is thus subject to the subpoena power of this District. *See* Fed. R. Civ. P. 45(c)(1)(B); *Seeligson v. Devon Energy Prod. Co., L.P.,* No. 2:14-CV-996-JRG-RSP, 2015 WL 4944481, at *4 (E.D. Tex. Aug.

19, 2015) ("Federal Rule of Civil Procedure 45 provides that the Court may command a person who 'resides, is employed, or regularly transacts business in person' in Texas to attend trial in Marshall if that person 'would not incur substantial expense.'") Therefore, this District has subpoena power over Ms. Meredith whereas the Central District of California does not. This factor favors Plaintiff.

### c. Cost of attendance of willing witnesses militates against transfer

The cost of attendance factor weighs in favor of Plaintiff. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.,* 566 F.3d 1388, 1342 (Fed. Cir. 2009); *Certified Measurement, LLC*, 2015 WL 1046267, at *2. While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Certified Measurement,* 2015 WL 1046267, at *2. Moreover, this factor will favor transfer only where a "substantial number of material witnesses reside in the transferee venue." *See In re Genentech*, 566 F.3d at 1345.

The ease in finding direct flights does not cause a district to be more convenient. *See id.* ("Accepting this argument would mean that *any* courthouse in the United States situated in a less populated area as compared to a major city …would be less convenient to witnesses requiring air transportation."). Further, other costs, including food and lodging, are also relevant considerations in deciding this factor. *Mears Techs., Inc. v. Finisar Corp.,* No. 2:13-CV-376-JRG, 2014 WL 1652603, at *3 (E.D. Tex. Apr. 24, 2014) (explaining that food and lodging are substantially less expensive in Marshall, Texas as opposed to San Francisco, California). *See also*, *ComCam Int'l, Inc. v. Mobotix Corp.*, No. 2:13-CV-798-JRG, 2014 WL 4229711, at *3 (E.D. Tex. Aug. 26, 2014)

(asserting that cost of lodging and meals would be "unarguably and substantially" higher in New York than Marshall, Texas).

Here, Crux identifies five witnesses with relevant information relating to this case. *See* Jaffer Decl., ¶¶ 14-15. All five witnesses are identified as current employees of either Crux or Caraudio-Systems. *See id.* Of these five witnesses, only two reside in California: Crux's President, Khalid Jaffer and Crux employee, Judd Sugay. *Id.* The remaining witnesses all reside outside of the transferee district. *Id.* Crux's General Manager of Operations, Nayyar Rizvi resides in Henderson, Nevada and Caraudio-Systems engineers, Dariusz Sarna and Robert Gobel reside in Robenheim-Roxheim, Germany. *Id.*

Though Crux argues that Caraudio-Systems employees are non-party witnesses, this no longer holds true because Caraudio-Systems has been added as a Defendant in this case. *See* Dkt. No. 19. With respect to these witnesses, this District is more convenient than the Central District of California. Air Berlin offers nonstop flights from Frankfurt Airport, located approximately 50 miles from Caraudio-Systems' Bobenheim-Roxheim, Germany office, to Dallas/Fort Worth International Airport and Dallas/Fort Worth and is a little more than a two hour drive from Marshall, Texas. Declaration of Frances H. Stephenson, ¶¶ 2-3, 13 (December 18, 2015) and Exhibit A. The nonstop flights from Frankfurt to Dallas/Fort Worth are shorter and less expensive than those from Frankfurt to Los Angeles. *See* Stephenson Decl., ¶ 2 and Exhibits A-B. In addition to a shorter nonstop flight, the lesser cost of food and lodging available in Marshall, Texas as opposed to the Los Angeles, California area weighs against transfer. *See e.g., Mears Techs.*, 2014 WL 1652603, at * 3.

Also, this District is more convenient than the Central District of California for Plaintiff. NAV-TV's CEO and the inventor of the Patents-in-Suit, Moni Melman, resides in Boca Raton,

Florida and can more easily access Marshall, Texas than the Central District of California. *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 678 (E.D. Tex. 2006) (assuming the forum is convenient because the plaintiff chose to bring suit there); *see* Melman Decl., ¶ 14. NAV-TV's Chief Technology Officer and head of engineering, Felix Lazarev, who is knowledgeable about implementing products covered by the Patents-in-Suit, also resides and works in South Florida, near NAV-TV's place of business. *Id.* at ¶¶ 8, 10. NAV-TV's Vice President, Derek Schmiedl, who is knowledgeable about sales of products covered by the Patents-in-Suit, also works and resides in South Florida, near NAV-TV's office. *Id.* at ¶¶ 9-11. Southwest Airlines flies nonstop from Fort Lauderdale, the closest airport to Boca Raton, to Dallas Love Field in approximately three hours, which is two hours less than it takes to fly from Fort Lauderdale, Florida to Los Angeles, California. *See* Stephenson Decl.*,* ¶¶ 8-11 and Exhibits E-F.

As noted, the only non-party witness, Ms. Meredith, is located in New York and there are shorter and more affordable nonstop flights from New York to Dallas than from New York to Los Angeles. *See* Stephenson Decl., ¶¶ 5-7 and Exhibits C-D.

In sum, most of the witnesses in this case reside east of Texas and seven of the nine witnesses are outside of the state of California. Transfer to the Central District of California would merely serve as a convenience to Crux at the expense of Plaintiff and other party and non-party witnesses. Therefore, this factor weighs against transfer.

### d. Other practical problems that make trial of a case easy, expeditious and inexpensive

The final private interest factor weighs against transfer because various dates of compliance with this District's local rules have already been set and transfer would cause delay and waste both judicial and party resources. This factor considers practical problems related to judicial economy. *In re Volkswagen of Am., Inc.,* 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*In re*

*Volkswagen III*"); *Nexus Display Techs. LLC v. Dell, Inc.*, No. 2:14-CV-762-RWS, 2015 WL 5043069, at *4 (E.D. Tex. Aug. 25, 2015).  Further, this factor weighs against transfer if certain dates of compliance with this District's local rules have been set.  *See ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-CV-203-JRG-RSP, 2015 WL 5278744, at *9 (E.D. Tex. Sept. 9, 2015) (finding factor weighed against transfer because parties had received a docket control order and plaintiff had served its infringement contentions); *Certified Measurement, LLC*, 2015 WL 1046267, at *4 (stating that this factor weighed against transfer because the Court had already set a scheduling conference and entered a proposed schedule that set critical dates, including infringement contention deadlines).

This factor weighs against transfer because the Court has already held its scheduling conference, set Markman and Jury selection dates, and NAV-TV and Crux have submitted their proposed Docket Control Order and Discovery Order and the Court will likely be entering these case management orders before briefing on this motion is complete.[3]  Further, the parties have selected a mediator and Plaintiff has served Crux with its infringement contentions pursuant to this District's local rules.[4]  *See* Dkt. Nos. 18, 20.  Since the critical dates have been set, NAV-TV and Crux have agreed on a case management and discovery schedule that is awaiting the Court's entry, and the litigation has already proceeded with substantive disclosure of the claims and supporting evidence, a transfer at this point to another court would be inefficient.

Crux fails to provide any additional practical problems that would favor the Central District of California over this District.  This is especially true given that potential witnesses and evidence is admittedly located in various states including California, Nevada, Florida and the country of

---

[3] On December 22, 2015 NAV-TV and Crux submitted to the Court a joint motion for entry of the Discovery and Docket Control Orders.  *See* Dkt. No. 22.

[4] Plaintiff served its infringement contentions on December 15, 2015.  *See* Dkt. No. 20.

Germany.  *See* Declaration of Khalid Jaffer, ¶¶ 13-15.   Therefore, this factor weighs against

transfer.

### 2. The public interest factors are neutral or weigh against transfer

#### a. Familiarity of the forum with the law that will govern the case, avoidance of conflict of law issues factors are neutral

The familiarity of the forum with the law and avoidance of conflict of law factors are

neutral.  Federal law can be applied equally by a federal court, regardless of state.  *C.f. iFLY*

*Holdings LLC v. Indoor Skydiving Germany GMBH*, No. 2:14-CV-1080-JRG-RSP, 2015 WL

5909729, at *5 (E.D. Tex. Oct. 7, 2015) (stating that the asserted patent infringement claims could

be applied equally by either the Eastern District of Texas or the District of Arizona).

Because this lawsuit involves only patent infringement claims under federal law, either this

District or the Central District of California can apply the law equally.  Additionally, because this

case does not involve any other state law or foreign claims, there is no potential conflict of laws.

Accordingly, these factors are neutral.

#### b. The court congestion factor weighs against transfer

This factor looks at the speed with which a case can come to trial and be resolved.  *In re*

*Genentech, Inc.,* 566 F.3d at 1347 (citing *Gates Learjet Corp v. Jenson,* 743 F.2d 1325, 1337 (9th

Cir.1984) ("[T]he real issue is not whether [transfer] will reduce a court's congestion but whether

a trial may be speedier in another court because of its less crowded docket")); *Auto. Body Parts*

*Ass'n v. Ford Glob. Techs., LLC*, No. 4:13-CV-705-ALM, 2015 WL 123852, at *3 (E.D. Tex. Jan.

7, 2015) *reconsideration denied*, No. 4:13-CV-705-ALM, 2015 WL 1517524 (E.D. Tex. Apr. 2,

2015).

Here, the average time to trial for a patent case in this District is 2.3 years compared with

2.2 years in the Central District of California.  *See* Stephenson Decl., ¶ 12 and Exhibit G, p. 15.

This factor is generally considered as neutral in the transfer analysis when the venue chosen by the plaintiff and the proposed transferee venue have similar average times to trial.  *See ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*, 2015 WL 5278744, at *10.  However, given the disposition of this case and the fact that the parties have already agreed upon a case management schedule and a mediator and Plaintiff has already disclosed infringement contentions the case would move forward more quickly and efficiently in this District.  Therefore, this factor weighs against transfer.

        **c.**        **The transferee district does not have a local interest in this case**

The Central District of California does not have a local interest in this case.  This factor focuses on the events that gave rise to the suit and not on the connection of residents to the transferee venue.  *See In re Volkswagen II*, 545 F.3d at 318 (stating that a contrary theory would raise "troubling fairness implications" and affords little weight); *Certified Measurement LLC*, 2015 WL 1046267, at *4-5.  To illustrate, in *Gonzales v. AutoTrader.com*, the defendant argued that the Northern District of Georgia had a local interest in the suit because AutoTrader was headquartered around Atlanta, Georgia and employed more than 1,309 people in that district.  *Gonzalez v. Autotrader.com, Inc.*, No. 2:14-CV-630-JRG-RSP, 2015 WL 1387858, at *2 (E.D. Tex. Mar. 25, 2015).  This Court rejected the defendant's theory and found this factor neutral because the defendant's products and website were equally available to people all over the world.  *Id.*  This Court has also rejected the argument that transfer is warranted when a party's reputation is impacted in the transferee district.  *See Phoenix Licensing, L.L.C. v. Gen. Motors, LLC*, No. 2:13-CV-1093-JRG-RSP, 2015 WL 1431906, at *4-5 (E.D. Tex. Mar. 30, 2015) (explaining that because of General Motors' nationwide presence, the case would impact its reputation in both the Eastern District of Texas and the transferee district.).

Here, Crux argues that this factor favors transfer because the Central District of California is home to Crux and many of its witnesses. *See* Def. Mot. p. 12. Though Crux is located in California, California is hardly the "center of gravity" Defendant claims. The Accused Products are manufactured in Germany, Defendant Caraudio-Systems is based in Germany, and the Accused Products are sold across the United States, including in Texas. *See* Jaffer Decl., ¶¶ 4-6, 11. As the events at issue in this lawsuit occurred in California, Texas, Florida, and Germany, the Central District of California does not have a local interest in this case that would warrant transfer. This factor does not weigh in favor of transfer.

## IV.    CONCLUSION

Here, all of the private and public factors either weigh against transfer or are neutral; none of these factors weigh in favor of transfer. Therefore, Crux has failed to meet its burden of demonstrating that the transferee venue is clearly more convenient than the venue chosen by Plaintiff. *See TracBeam, LLC v. Apple, Inc.*, No. 6:14-CV-680-RWS, 2015 WL 5786449, at *8 (E.D. Tex. Sept. 29, 2015) (finding that defendant failed to meet its burden even though sources of proof and local interest factors favored transfer.). Based on the foregoing, Crux's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) should be denied.

Dated: December 28, 2015

Respectfully submitted,

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice* admission pending
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line

(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff NAV-TV, Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of December 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(c).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Andy Tindel