IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NAV-TV, CORP., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. 2:15-cv-01467-JRG-RSP |
| AUDIONICS SYSTEM, INC. d/b/a | § | |
| CRUX INTERFACING SOLUTIONS | § | JURY TRIAL DEMANDED |
| AND CARAUDIO-SYSTEMS | § | |
| VERTRIEBS GMBH, | § | |
| | § | |
| *Defendant.* | § | |

**AUDIONICS SYSTEM, INC. D/B/A CRUX INTERFACING SOLUTIONS'
ANSWER, DEFENSES AND COUNTERCLAIMS TO
PLAINTIFF NAV-TV, CORP.'S FIRST AMENDED COMPLAINT**

Defendant Audionics System, Inc. d/b/a Crux Interfacing Solutions ("Crux" or "Defendant") files this Answer to Plaintiff NAV-TV Corp.'s ("NAV-TV" or "Plaintiff") First Amended Complaint.

**PRELIMINARY STATEMENT**

1. Defendant admits that Plaintiff has alleged patent infringement under the Patent Act. Except as expressly admitted, Defendant denies all other allegations in Paragraph 1 of the Amended Complaint.

**PARTIES**

2. Defendant lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 2 of the Amended Complaint and therefore denies the same.

3. Defendant lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 3 of the Amended Complaint and therefore denies the same.


4. Admitted.

5. Admitted.

6. Defendant lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 6 of the Amended Complaint and therefore denies the same.

7. Defendant lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 7 of the Amended Complaint and therefore denies the same.

## JURISDICTION

8. Defendant admits that Plaintiff has alleged patent infringement under the patent laws of the United States.  Except as expressly admitted, Defendant denies all other allegations in Paragraph 8 of the Amended Complaint.

9. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§ 1331 and 1338(a) but denies that it has engaged in any conduct that would constitute patent infringement under the patent laws of the United States. Except as expressly admitted, Defendant denies all other allegations in Paragraph 9 of the Amended Complaint.

10. Defendant admits that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.  Except as expressly admitted, Defendant denies all other allegations in Paragraph 10 of the Amended Complaint.  Defendant further denies that this venue is the most convenient venue for the parties to this suit.

11. Denied.

## BACKGROUND

12. Defendant admits that Exhibits A and B to the Amended Complaint are copies of U.S. Patent Nos. 7,917,261 (the "'261 Patent") and 8,103,407 (the "'407 Patent") respectively.

Defendant lacks knowledge or information sufficient to confirm or deny the remaining allegations of Paragraph 12 of the Amended Complaint and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 13 of the Amended Complaint and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 14 of the Amended Complaint and therefore denies the same.

15. Denied.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,917,261

16. Defendant restates and incorporates herein its responses to Paragraphs 1-15 of the Amended Complaint.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,103,407

21. Defendant restates and incorporates herein its responses to Paragraphs 1-20 of the Amended Complaint.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief and specifically denies all of the allegations and prayers for relief contained in Paragraphs A-G of Plaintiff's Prayer for Relief. All allegations of the Amended Complaint not expressly admitted herein are denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

To the extent any response is required Defendant admits that Plaintiff has demanded a jury trial.

## DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to the responses above, Defendant intends to conduct discovery and specifically reserves the right to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The claims of U.S. Patent Nos. 7,917,261 (the "'261 Patent") and 8,103,407 (the "'407 Patent") are invalid and/or unenforceable for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101-103, and 112.

## THIRD DEFENSE

Defendant has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of either the '261 or '407 Patents, either literally or under the doctrine of

equivalents, and is not liable for infringement of any valid and enforceable claim of either the '261 or '407 Patents.

**FOURTH DEFENSE**

To the extent that Plaintiff alleges that Defendant has committed or is committing indirect infringement of the '261 or '407 Patents, Defendant cannot be liable for acts alleged to have been performed before Defendant had knowledge of the '261 and/or '407 and/or that its acts were alleged to cause any infringement of such patents.

**FIFTH DEFENSE**

Defendant has not infringed and is not infringing the claims of the '261 and '407 Patents in view of statements, representations, admissions, elections, positions, concessions, and/or filings made to the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the patent applications the led to the '261 and '407 Patents, which in part or collectively constitute prosecution history estoppel barring Plaintiff from asserting that the claims of the patents encompass or are infringed by any accused product or activity.

**SIXTH DEFENSE**

Plaintiff is barred in whole or in part from asserting both the '261 and '407 Patents against Defendant under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

**SEVENTH DEFENSE**

Plaintiff's claims for relief and prayer for damages are barred by 35 U.S.C. § 287 and/or § 288.

**EIGHTH DEFENSE**

Plaintiff is and will be precluded, under principles including collateral estoppel, issue preclusion, judicial estoppel, and *res judicata*, from taking a position in this action that is inconsistent with a decision regarding the '261 and/or '407 Patents by this Court or another

Court in which Plaintiff was a party. This preclusion includes decisions that have been issued to date and that may be issued in the future regarding any procedural or substantive issues that might also arise in this action, including claim construction, invalidity, non-infringement, patent ineligibility, patent unenforceability, and other defenses.

## EXCEPTIONAL CASE

Upon information and belief, this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Defendant to an award of attorneys' fees as a result of at least Plaintiff's failure to perform a reasonable pre-suit investigation of its infringement contentions against Defendant.

## RESERVATION OF DEFENSES

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in the case.

## COUNTERCLAIMS

Defendant asserts the following counterclaims for declaratory judgments of invalidity and non-infringement of U.S. Patent Nos. 7,917,261 (the "'261 Patent") and 8,103,407 (the "'407 Patent").

26. Plaintiff's Complaint pleads that Plaintiff is a Florida corporation and has a registered agent in this District and that venue is proper in this District.

27. This action for declaratory judgment arises under 35 U.S.C. §§102, 103, and 271 and 21 U.S.C. § 355(c)(3)(D).

28. This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 and 21 U.S.C. § 355(c)(3)(D).

29. Plaintiff's Complaint further pleads that Plaintiff is the owner of all rights, title, and interest in the '261 and '407 Patents.

30. Plaintiff commenced this action against Defendant alleging infringement of the '261 and '407 Patents.

## COUNT 1 - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,917,261

31. Defendant repeats and realleges Paragraphs to 26 to 30 above as if fully stated herein.

32. An actual controversy exists between Defendant and Plaintiff as to whether the '261 Patent is valid, as Plaintiff alleges, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

33. By this Counterclaim Defendant seeks a declaration that all of the claims of the '261 Patent are invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of the U.S. Code, 35 U.S.C. §§ 101 *et seq.,* and particularly 35 U.S.C. §§ 101, 102, 103, and 112.

34. Upon information and belief, Plaintiff commenced this action against Defendant with knowledge that the claims of the '261 Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 100 et. seq., and particularly 35 U.S.C. §§ 102, 103, and 112.

35. Plaintiff's activities render this case an exceptional one, and Defendant is entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

## COUNT 2 - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,103,407

36. Defendant repeats and realleges Paragraphs to 26 to 30 above as if fully stated herein.

37. An actual controversy exists between Defendant and Plaintiff as to whether the '407 Patent is valid, as Plaintiff alleges, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

38. By this Counterclaim Defendant seeks a declaration that all of the claims of the '407 Patent are invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of the U.S. Code, 35 U.S.C. §§ 101 *et seq.,* and particularly 35 U.S.C. §§ 101, 102, 103, and 112.

39. Upon information and belief, Plaintiff commenced this action against Defendant with knowledge that the claims of the '407Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 100 et. seq., and particularly 35 U.S.C. §§ 102, 103, and 112.

40. Plaintiff's activities render this case an exceptional one, and Defendant is entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

## COUNT 3 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,917,261

41. Defendant repeats and realleges Paragraphs to 26 to 30 above as if fully stated herein.

42. An actual controversy exists between Defendant and Plaintiff as to whether Defendant infringes directly or indirectly the '261 Patent, as Plaintiff alleges, or does not do so, as Defendant contends.

43. By this Counterclaim, Defendant seeks a declaration that the manufacture, use, offer for sale, or sale in the United States or importation into the United States by Defendant of any systems or methods did not and does not directly or indirectly infringe any of the claims of the '261 Patent under 35 U.S.C. §§ 271(a), (b), or (c).

44. Upon information and belief, Plaintiff commenced this action against Defendant with knowledge that the manufacture, use, offer for sale, or sale in the United States or importation into the United States by Defendant of any systems or methods does not and do not directly or indirectly infringe any of the claims of the '261 Patent.

45. Plaintiff's activities render this case an exceptional one, and Defendant is entitled to an award of its reasonable attorney fees under 35 U.S.C. §285.

## COUNT 4 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,103,407

46. Defendant repeats and realleges Paragraphs to 26 to 30 above as if fully stated herein.

47. An actual controversy exists between Defendant and Plaintiff as to whether Defendant infringes directly or indirectly the '407Patent, as Plaintiff alleges, or does not do so, as Defendant contends.

48. By this Counterclaim, Defendant seeks a declaration that the manufacture, use, offer for sale, or sale in the United States or importation into the United States by Defendant of any systems or methods did not and does not directly or indirectly infringe any of the claims of the '407 Patent under 35 U.S.C. §§ 271(a), (b), or (c).

49. Upon information and belief, Plaintiff commenced this action against Defendant with knowledge that the manufacture, use, offer for sale, or sale in the United States or importation into the United States by Defendant of any systems or methods does not and do not directly or indirectly infringe any of the claims of the '407 Patent.

50. Plaintiff's activities render this case an exceptional one, and Defendant is entitled to an award of its reasonable attorney fees under 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

A. this Court of each and every element of relief requested by Plaintiff in Paragraphs A-G of its prayer for relief;

B. this Court deny Plaintiff's request for further or alternative relief;

C. this Court dismiss Plaintiff's claims with prejudice with Plaintiff to take nothing therefrom;

D. this Court enter judgment declaring all of the claims of U.S. Patent Nos. 7,917,261 and 8,103,407 invalid under 35 U.S.C. §§ 101, 102, 103, and 112;

E. this Court enter judgment declaring that none of the claims of U.S. Patent Nos. 7,917,261 and 8,103,407 have been or would be infringed under 35 U.S.C. §§ 271(a), (b), or (c) by the manufacture, use, offer for sale, or sale in the United States or importation into the United States by Defendant of any systems or methods;

F. this Court award Defendant its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

G. this Court enter judgment awarding Defendant such other and further relief as it may deem just and proper.

## **DEFENDANT'S DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all issues that may be determined by a jury.

Dated: January 4, 2016          Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:   */s/ Timothy J.H. Craddock*
      Christopher M. Joe
      State Bar No. 00787770
      Chris.Joe@BJCIPLaw.com
      Timothy J.H. Craddock
      State Bar No. 24082868
      Tim.Craddock@BJCIPLaw.com

      1700 Pacific Avenue
      Suite 4750
      Dallas, Texas 75201
      Telephone:   (214) 477-1272
      Facsimile:    (214) 635-1828

      **ATTORNEYS FOR DEFENDANT**
      **AUDIONICS SYSTEM, INC. d/b/a**
      **CRUX INTERFACING SOLUTIONS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 4th day of January, 2016. Any other counsel of record will be served by facsimile transmission and first class mail.

      */s/ Timothy J.H. Craddock*
      Timothy J.H. Craddock