IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NAV-TV, CORP., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **C.A. NO. 2:15-cv-01467-JRG-RSP** |
| | § | |
| AUDIONICS SYSTEM, INC. d/b/a | § | **JURY TRIAL DEMANDED** |
| CRUX INTERFACING SOLUTIONS | § | |
| AND CARAUDIO-SYSTEMS | § | |
| VERTRIEBS GMBH, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Defendant Audionics System, Inc. d/b/a Crux Interfacing Solutions ("Crux") files this Reply in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (the "Motion") [Dkt No. 16].  Plaintiff's Response [Dkt No. 23] fails to raise any serious doubt that this case should be transferred to the Central District of California.

### A.      The Central District of California is Cleary the More Convenient Venue

### 1.      Access to Sources of Proof

As an initial matter, the fact that some sources of proof are electronic is irrelevant.  *See In re Genetech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).  *Genetech* explained that the Fifth Circuit effectively rejected such an argument because, in this age, if such an argument were valid, it would render this factor superfluous.  *Id.* (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) ("*Volkswagen II*")).  Additionally, through the course of investigating the validity of the Patents-in-Suit, Crux has identified several pieces of anticipatory prior art, including the Peiker/Mercedes Benz iPod Interface, Dietz 1280, Dietz 72310 iPod Interface for

Mercedes-Benz, Neucleus iPod Interface Controller for GM Class 2 Databus (NC-POD 05), Neucleus iPod Adapter for GM LAN Bus Vehicles (NC-X2i), Aamp iPod Interface for GM Class 2 Databus Vehicles (PXDPGMT), Scosche Industries GM LAN iPod Interface (AXIPGMLAN), and "TV-Free" Video-in-Motion Interface.  Crux has made NAV-TV aware of these pieces of art via correspondence dated December 23, 2015.  In addition to the evidence identified in its Motion, Crux has working units for the above-listed prior art devices, and these are all located at its headquarters in Reseda, California.

Further, while some relevant documents are located with Caraudio-Systems in Germany, NAV-TV completely ignores the fact that employees of Caraudio-Systems regularly visit Crux's headquarters in Reseda, California.  Dkt No. 16, Ex. B at ¶¶ 12-13.  Because of this, it would be much more convenient to transport relevant documents in Caraudio-Systems' possession to the Central District of California rather than this District.

Additionally, while NAV-TV has identified certain documents located in Florida and New York, it has not identified any documents or other sources of proof that are located in this District, tacitly acknowledging that there are none.  This makes sense given that NAV-TV does not have a local presence in this District.  Thus, NAV-TV will have to transport its documents regardless of where this case proceeds, and it has not provided any explanation for why it would be more convenient to transport them to this District than to the Central District of California.

In weighing the location of the relevant evidence in this case and the logistics of transporting that evidence, the Central District of California stands out as the clearly more convenient venue.  Thus, this factor weighs in favor of transfer.

### 2.      Availability of Compulsory Process

NAV-TV asserts that this Court now has effective subpoena power over the two Caraudio-Systems Vertriebs GmbH ("Caraudio-Systems") employees identified by Crux;

however, a review of the docket shows that while NAV-TV amended its Complaint, no summons for Caraudio-Systems has been issued and there is no indication that Caraudio-Systems has been served with process.  Thus, at this time, it does not appear that this Court has subpoena power over Caraudio-Systems and it is undetermined at this time whether this Court will have the ability to exercise absolute subpoena power over Caraudio-Systems in the future.

Further, through the course of its investigation into the validity of the Patents-in-Suit, Crux has identified several additional witnesses with knowledge related to anticipatory prior art. These witnesses include at least the following:

| Witness | Location | Relevance |
|---|---|---|
| Khaliq Rehman | Torrance, California | Engineer at K.R. Design House.  Designed and developed prior art including the Neucleus iPod Interface Controller for GM Class 2 Databus (NC-POD 05), Neucleus iPod Adapter for GM LAN Bus Vehicles (NC-X2i), Aamp iPod Interface for GM Class 2 Databus Vehicles (PXDPGMT), and Scosche Industries GM LAN iPod Interface (AXIPGMLAN). |
| Dave Eisenstein | Camarillo, California | Former President of Neucleus.  Likely has knowledge related to the Neucleus iPod Interface Controller for GM Class 2 Databus (NC-POD 05) and Neucleus iPod Adapter for GM LAN Bus Vehicles (NC-X2i) prior art devices. |
| Anthony Ponticelli | Camarillo, California | Former Director of Sales for Neucleus and current Director of Sales at Scosche Industries.  Likely has knowledge related to the Neucleus iPod Interface Controller for GM Class 2 Databus (NC-POD 05) and Neucleus iPod Adapter for GM LAN Bus Vehicles (NC-X2i) prior art devices. |
| Keith Rodts | Corona, California | Former Technical Manager of Neucleus and current Technical Manager at Rosen Entertainment Systems.  Likely has knowledge related to the Neucleus iPod Interface Controller for GM Class 2 Databus (NC-POD 05) and Neucleus iPod Adapter for GM LAN Bus Vehicles (NC-X2i) prior art devices. |

*See* Declaration of Khalid Jaffer (the "Jaffer Declaration," attached as Exhibit B) at ¶¶ 3-12.

Thus, in addition to the employees of Caraudio-Systems, the four non-party witnesses listed

above likely have knowledge related to certain pieces of prior art in this case.  Further, each of these individuals is subject to the absolute subpoena power of the Central District of California, and none to the absolute subpoena power of this District.  *See* Declaration of Timothy J.H. Craddock (the "Craddock Declaration," attached as Exhibit A) at ¶¶ 3-5.

Thus, even taking NAV-TV's assertion that this District has absolute subpoena power of Ms. Meredith and the Central District of California does not as true, there are at least six relevant non-party witnesses that the Central District of California has absolute subpoena power over that this District does not.  As such, this factor weighs in favor of transfer.

### 3.      Cost of Attendance for Witnesses

First, as described in Section A(2) above, at least four non-party witnesses with knowledge regarding certain prior art all live near Los Angeles, California.  Further, Caraudio-Systems has not been served with process and it is currently undetermined whether this District will have jurisdiction over Caraudio-Systems.  Thus, until they are served with process and answer, it should not be treated as a party to this lawsuit.

Additionally, Mr. Rizvi is the General Manager of Operations at Crux and regularly transacts business in the state of California and would not incur substantial expense if required to attend trial in the Central District of California.  Indeed, Mr. Rizvi commutes to Crux's headquarters located in Reseda, California two times per week.  Dkt No. 16, Ex. B at ¶ 8.  Thus, as with Khalid Jaffer and Judd Sugay, it would be much more convenient for Mr. Rizvi if this case proceeded in the Central District of California.

Further, Crux's accountant Vini Chhabra has knowledge regarding the finances and sales of the accused products, and Crux will likely need to rely on Mr. Chhabra as a witness in addition to Mr. Jaffer, Mr. Rizvi, and Mr. Sugay.  Mr. Chhabra resides Chatsworth, California, and it would be much more convenient for Mr. Chhabra if this case proceeded in the Central

District of California.  Jaffer Decl. at ¶ 13.  Thus, for at least four party witnesses and six non-party witnesses, the Central District of California would clearly be more convenient.

As for Ms. Meredith, even assuming that it is more convenient for her to travel to this District than the Central District of California, her convenience should be given less weight (if any at all) because her law firm represents the plaintiff in this case.  *See* Dkt No. 16, Ex. A at ¶¶ 9-12.  *See also TiVo Inc. v. Verizon Communs., Inc.*, No. 2:09-cv-2572010, U.S. Dist. LEXIS 112320 at *26 (E.D. Tex. Sept. 17, 2010) (stating that "[t]he parties' attorneys are not a factor to be considered for transfer purposes.")

Thus, as shown, transfer of this case would result in a substantial increase in the convenience for all of Crux's witnesses and at least six non-party witnesses.  Further, transfer to the Central District of California would not result in any meaningful change in convenience to Ms. Meredith or to any of NAV-TV's three identified witnesses (two of whom live in Boca Raton, Florida, and the third who lives in Palm Beach, Florida).  *See* Dkt No. 23-1 at ¶¶ 6 and 10-11; Craddock Decl. at ¶ 2; Dkt No. 16, Ex. A at ¶¶ 16-21, 26.  This factor weighs in favor of transfer.

### 4.     Court Congestion and Other Practical Problems

Despite NAV-TV's assertions, this case is still in its early stages.  For example, the Court only very recently entered its docket control order (a little over one week ago, and after Crux filed its Motion to Transfer Venue), and no discovery has been taken.  As such, both the court congestion and practical problems factors should remain neutral.  In any event, neither of these factors outweigh the factors discussed above which strongly favor transfer in this case.

### 5.     Local Interest in Adjudicating Dispute

The Central District of California has a significantly stronger interest in adjudicating this case.  While Crux has sales in Texas, those sales make up less than two percent of Crux's sales.

12/7/2015 Jaffer Decl. at ¶ 6.  Further, most customer demand for Crux's products comes from major metropolitan areas located on the west and east coasts.  Thus, Crux's sales are not evenly distributed throughout the nation, but rather are focused in particular regions, including a region where Crux is headquartered, where Crux's witnesses reside, and where a number of non-party witnesses reside or frequently visit.  This factor weighs in favor of transfer.

**B.      Conclusion**

For these reasons and the reason stated in its Motion, Crux respectfully requests that the Court transfer this case to the Central District of California.

Dated:  January 7, 2016

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:      */s/ Timothy J.H. Craddock*
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Timothy J.H. Craddock
State Bar No. 24082868
Tim.Craddock@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:     (214) 730-5660
Facsimile:     (972) 707-1248

**ATTORNEYS FOR DEFENDANT**
**AUDIONICS SYSTEM, INC. d/b/a**
**CRUX INTERFACING SOLUTIONS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 7th day of January, 2016.  Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Timothy J.H. Craddock*
Timothy J.H. Craddock