IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NAV-TV, CORP., | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
|   vs. | § | Civil Action No. 2:15-cv-01467-JRG-RSP |
| | § | |
| AUDIONICS SYSTEM, INC. d/b/a | § | JURY TRIAL DEMANDED |
| CRUX INTERFACING SOLUTIONS and | § | |
| CARAUDIO-SYSTEMS VERTRIEBS | § | |
| GMBH, | § | |
| | § | |
|     *Defendants*. | § | |

**PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF**

**I.**   **Introduction**

Pursuant to Local Patent Rule 4-5(a) and the Second Amended Docket Control Order (Dkt. #55), Plaintiff submits herewith its Opening Claim Construction Brief with respect to U.S. Patent No. 7,917,261 (the "'261 Patent") and U.S. Patent No. 8,103,407 (the "'407 Patent") (collectively, the "Patents-in-Suit"). The parties' P.R. 4-3(b) Amended Joint Claim Construction and Prehearing Statement (Dkt. #53), filed on June 9, 2016, identifies one (1) disputed claim term in the Patents-in-Suit.

**II.**   **The Patents-in-Suit**

The '261 Patent was issued on March 29, 2011 on an application filed on September 23, 2007. Plaintiff has asserted claims 1, 4, 5, 9, 11, and 12 of the '261 Patent against Defendants Audionics System, Inc. d/b/a Crux Interfacing Solutions ("Crux") and Caraudio-Systems Vertriebs GmbH ("Caraudio-Systems"). The '407 Patent was issued on January 24, 2012 on an application that was filed on February 22, 2011. Plaintiff has asserted claims 1, 4, 5, 9, 10, 11, and 12 of the

1

'407 Patent against Defendants. The Patents-in-Suit disclose and claim NAV-TV's products, including but not limited to: NTV-KIT260 (ALLGIG XG HS KIT); NTV-KIT211 (BARRACUDA KIT); NTV-KIT391 (MY TOUCH-CAM-KIT).

### III. Claim Construction Legal Standards

The legal standards for claim construction are well settled, both by Supreme Court and Federal Circuit precedent. In this connection, "[i]t is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)); *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-CV-433-JRG-RSP, 2016 WL 2889625, at *2 (E.D. Tex. May 17, 2016). In construing terms, "the person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Phillips*, 415 F.3d at 1313. Indeed, the specification is "the single best guide to the meaning of a disputed term" and "[u]sually, it is dispositive." *Id.* Thus, "claims 'must be read in view of the specification, of which they are a part.'" *Id.* at 1315 (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996)).

While the courts may construe the claims "in view of the specifications and the state of the art, they may not add to or detract from the claim," for it is "[t]he claims of the patent, *not its specifications*, [that] measure the invention." *Innova/Pure Water, Inc.*, 381 F.3d at 116 (emphasis added). In the end, "a claim construction analysis must begin and remain centered on the claim language itself, for that is the language the patentee has chosen to "particularly point out and distinctly claim the subject matter which the patentee regards as his invention." *Innova/Pure*

*Water, Inc.*, 381 F.3d at 116. Further, a term's context in the asserted claim can be instructive and other asserted and unasserted claims can also help aid in determining the claim's meaning, because claim terms are typically used consistently throughout the patent. *Phillips*, 415 F.3d at 1314; *SSL Servs.*, 2016 WL 2889625, at *4.

Expert testimony may aid a court in understanding the underlying technology and determining the particular meaning of a term in the pertinent field, although conclusory and unsupported assertions are unhelpful. Phillips, 415 F.3d at 1317; *SFA Sys., LLC v. 1-800-Flowers.com, Inc.*, 940 F. Supp. 2d 433, 439 (E.D. Tex. 2013). *See also*, *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1375 (Fed. Cir.), *cert. denied*, 135 S. Ct. 719, 190 L. Ed. 2d 463 (2014) (considering expert testimony on how a claim term would be construed by a person of ordinary skill in the art at the time of filing).

**IV.** **Construction of Disputed Terms**

    **A.** **Plaintiff's Proposed Constructions**

        **1.** **directive**

| Patent Claim Term | Plaintiff's Proposed Construction | Intrinsic and Extrinsic Evidence |
|---|---|---|
| "directive" | Data that serves as an instruction or command as opposed to mere data content | Uses of the term "directive" in the '261 Patent and the '407 Patent (based on the continuation application with identical description of the invention and term):<br><br>'261 Abstract:<br>…wherein the firewalled controller transmits a directive to the firewall and the firewall transmits the directive through the at least two data communications bus which controls the at least one vehicle device. |

|  |  | '261: Specification: col. 1:65 – 2: 11; 2:12 – 26; 3: 1 – 11; 3: 19 – 20; 3: 34 – 38; 4: 46 – 61; 5: 14 – 16<br><br>'261 Claims containing "directive": Claims 1, 10, 13, 14, 17, 21, and 29<br><br>'407 Claims containing "directive":<br><br>Claims 5, 10, 11, 14, 17, 21, 29 and 33 |
|---|---|---|

The plain language of the specification of the Patents-in-Suit make clear that the term directive means data that serves as an instruction or command as opposed to mere data content. Indeed, the specification of the '261 Patent distinguishes "directive" and "content of data," stating that "[t]he firewall may change the directive *and/or* content of data prior to transmission ('261 col. 3: 19 – 20) (emphasis added); Declaration of Roy A. Griffin III, P.E. at ¶10 (June 24, 2016). Because "directive" and "content of data" are expressed as alternatives in the specifications of the Patents-in-Suit, it is clear that the meaning of "directive" and "content of data" are not the same and Defendant's proposed construction, which would encompass "message" in the claim term "directive," would render this distinction meaningless. *See e.g., Bancorp Servs., L.L. C. v. Hartford Life Ins. Co.,* 359 F.3d 1367, 1373 (Fed. Cir. 2004) (explaining that the use of two terms in close proximity gives rise to an inference that a different meaning should be assigned to each); Griffin Decl. at ¶ 13.

Further, the appearance of the two separate terms "message" and "directive" in the '261 Patent make it clear that the terms are not interchangeable. (*Compare* '261 col. 3:39-4:25, *with*, '261 col. 4:55-60, 5:14-16, 6:1-6, 6:51-55, 7:7-13, and 7:37-39). Messages communicate data which can comprise anything but the term "directive" refers not to any data at all, but rather to data that serves as an instruction or a command. Griffin Decl. at ¶ 13. The term "directive" is

clearly narrower than the term "message" which is not so limited. *Id.* Indeed, the specifications of the Patents-in-Suit describe a number of embodiments involving directives ('261 Abstract col. 1:65-2:11, 2:12-26, 2:51-3:6, 4:46-61, and 5:14-16), and the one embodiment dealing with message data represents textual data rather than a directive ('261 col. 3:39-4:25); Griffin Decl. at ¶¶ 10, 13. Defendant's proposed construction, which adds the phrase "or message" to the definition of "directive" would effectively subsume the instruction or command aspect of the term, rendering the term "directive" altogether equivalent to "message." Griffin Decl. at ¶ 13. Therefore, Defendant's proposed construction is contrary to the intrinsic evidence. ('261 Abstract col. 1:65-2:11, 2:12-26, 2:51-3:6, 3:39-4:25, 4:46-61, and 5:14-16).

The context in which the term "directive" is used provides further evidence that directive is data that serves as an instruction or command as opposed to mere data content. The term "directive" is expressed in the specification and claims of the Patents-in-Suit in the context of transmitting, sending, or issuing data that serves as an instruction or command that results in control of at least one vehicle device. ('261 Abstract, '261 Specification col. 2:8-11, 2:22-26, 3:4-6, 4:55-60, 5:14-16, 6:1-6, 6:51-55, 7:7-13, and 7:37-39; '407 Specification col. 6:13-16, 6:43-45, 6:48-52, 7:33-35, and 8:48-53); Griffin Decl. at ¶ 10.

Though particular data content could possibly serve as an instruction or command that results in control of at least one vehicle device, data content does not necessarily or inherently have to serve such a purpose. In the Patents-in-Suit, message data serves other purposes altogether, e.g., representation of the textual content to be displayed. ('261 Specification col. 3:39-4:25); Griffin Decl. at ¶ 11. The embodiments disclosed in the specification of the '261 Patent further evidence this distinction. The specification discloses embodiments wherein data content is evaluated not as a directive, but rather as a precursor for a possible subsequent issuance of a

directive depending upon the outcome of data content evaluation. (*See e.g.*, '261 col. 5:12-5:49); Griffin Decl. at ¶ 12. Directives expressed as procedures, or commands ('261 col. 4:63-5:11, 5:12-5:49) issued in such cases are obviously distinct from data content (e.g. triggers, or trigger inputs), which must be evaluated before a directive can be issued. Griffin Decl. at ¶ 12.

In sum, the intrinsic evidence supports Plaintiff's construction of the term directive as meaning an instruction or command as opposed to mere data content.

### B. Defendant's Proposed Constructions

#### 1. directive

| Num | Term | Proposed Construction | Intrinsic and Extrinsic Evidence |
|---|---|---|---|
| 1 | "directive(s)" | "a message or command" | **Intrinsic Evidence**<br>The specification of U.S. Pat. No. 7,917,261 and its prosecution history including at least the following: '261 Patent, Abstract, 3:34-38, 3:39-4:25, 5:14-25, and Claims 1 and 13.<br><br>The specification of U.S. Pat. No. 8,103,407 and its prosecution history including at least the following: '407 Patent, Abstract, 3:32-36, 3:37-4:22, 5:12-23, and Claims 5, 10, 11, 14, 17, 21, 29, and 33. |

The intrinsic record militates against Defendant's proposed construction. None of the evidence presented by Defendant suggests that "directive" encompasses a mere message. To the contrary, the specifications and claims of the Patents-in-Suit support Plaintiff's proposed construction and make clear that "message" is used in a manner distinct and broader than "directive."

Accordingly, there is no support for Defendant's proposed construction and Plaintiff requests that the Court refrain from adopting Defendant's broad construction.

## V.   CONCLUSION

For all of the reasons given above, the Court is respectfully requested to construe the disputed claim term as discussed herein, i.e., to construe the term directive as data that serves as an instruction or command as opposed to mere data content, as requested by Plaintiff.

Dated: June 27, 2016

                              Respectfully submitted,

*/Andy Tindel w/ permission of Lead Attorney/*

DARIUS KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice* admission pending
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff NAV-TV, Corp.*

7

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 27th day of June, 2016. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_____

Andy Tindel