IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NAV-TV, CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No. 2:15-cv-01467-JRG-RSP |
| | § | |
| AUDIONICS SYSTEM, INC. d/b/a | § | JURY TRIAL DEMANDED |
| CRUX INTERFACING SOLUTIONS and | § | |
| CARAUDIO-SYSTEMS VERTRIEBS | § | |
| GMBH, | § | |
| | § | |
| *Defendants*. | § | |

## **REPLY**

I.   **ARGUMENT**

  A.   **The specification of the Patents-in-Suit support Plaintiff's proposed construction of the term "directive**

The intrinsic record of U.S. Patent Nos. 7,917,261 (the "'261 Patent") and 8,103,407 (the "'407 Patent")(collectively the "Patents-in-Suit") supports Plaintiff NAV-TV, Corp.'s ("Plaintiff" or "NAV-TV") construction of the term "directive" as data that serves as an instruction or command as opposed to mere data content.

  1.   **The embodiment relied on by Defendant does not use, describe, or define the term "directive"**

Instead of identifying and relying on actual uses of the term "directive" in the specification, Defendant Audionics System, Inc. d/b/a Crux Interfacing Solutions ("Defendant" or "Crux") bases its construction on an embodiment of the '261 Patent that does not use, describe, or define the term "directive." ('261 Abstract col. 1:65-2:11, 2:12-26, 2:51-3:6, 4:46-61, and 5:14-16).  The embodiment relied on by Defendant uses only the term "message" and

teaches away from the construction of directive being equal to message, as it deals only with message data and represents textual data rather than a directive. ('261 col. 3:39-4:25); Dkt. 56-1 at ¶¶ 10, 13.  Defendant's interjection of the term "directive" into this embodiment in place of the term "message" subsumes the instruction or command aspect of the term "directive," rendering "directive" altogether equivalent to "message." ('261 Abstract col. 1:65-2:11, 2:12-26, 2:51-3:6, 3:39-4:25, 4:46-61, and 5:14-16); Dkt. 56-1 at ¶ 13.

The instances where the term "directive" does appear in the specification supports Plaintiff's construction that directive is data that serves as an instruction or command as opposed to mere data content.  In these instances, "directive" is expressed in the context of transmitting, sending, or issuing data that serves as an instruction or command that results in control of at least one vehicle device, which is consistent with Plaintiff's construction. ('261 Abstract, '261 col. 2:8-11, 2:22-26, 3:4-6, 4:55-60, 5:14-16, 6:1-6, 6:51-55, 7:7-13, and 7:37-39; '407 col. 6:13-16, 6:43-45, 6:48-52, 7:33-35, and 8:48-53); Dkt. 56-1 at ¶ 10.

## 2. The embodiment relied upon by Crux is not a preferred embodiment and even if were construed as the preferred embodiment, it is not excluded by Plaintiff's proposed construction

The inventor of the '261 Patent did not identify the embodiment relied on by Defendant as the preferred embodiment and Defendant's own labeling of it as "preferred" or "exemplary" does not transform it into one.  Defendant asserts that Plaintiff's construction of directive is incorrect because it would exclude the "preferred embodiment."  This assertion is not supported by law or fact.

First, embodiments identified as "preferred" are distinguishable from those not labeled as such.  *See Glaxosmithkline LLC*, No. CV 14-877-LPS-CJB, 2016 WL 3186657, at *12 (D. Del. June 3, 2016) ("Even assuming that the patent's reference[...] could be said to amount to a part of

an "embodiment" of the invention[...]the patent certainly does not label such a scenario as a *preferred* embodiment."); *Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1326 (Fed. Cir. 2013). As the embodiment relied upon by Defendants is merely an example and is not described as being "preferred," Defendant's argument that Plaintiff's proposed construction is incorrect because it would exclude this embodiment is without support.

Second, even if the embodiment relied on by Defendant was considered the "preferred embodiment," it is covered by claim 1 of the related '407 Patent and is therefore not excluded by Plaintiff's construction. *See TQP Dev., LLC v. Intuit Inc.*, No. 2:12-CV-180-WCB, 2014 WL 2810016, at *4 (E.D. Tex. June 20, 2014) ("construing a particular claim to exclude a particular embodiment is of little concern if a different claim in the patent or a related patent is construed to read on the embodiment"); *PSN Ill., LLC v. Ivoclar Vivadent, Inc.,* 525 F.3d 1159, 1166 (Fed. Cir. 2008) ("[C]ourts must recognize that disclosed embodiments may be within the scope of other allowed but unasserted claims."). *See also Glaxosmithkline LLC*, 2016 WL 3186657, at *12 ("[R]ead in the context of the specification, the claims of the patent need not encompass all disclosed embodiments"); *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1373 (Fed. Cir. 2008) ("[T]he mere fact that there is an alternative embodiment disclosed in the [ ] patent that is not encompassed by [the] district court's claim construction does not outweigh the language of the claim, especially when the court's construction is supported by the intrinsic evidence").

### B. The claim language of the Patents-in-Suit supports Plaintiff's proposed construction of the term "directive"

The dependent claims of the '261 Patent do not limit the meaning of the term "directive" and Defendant's argument that they do is factually inaccurate and not supported by the claim language. The meaning of "directive" is consistent across all claims of the Patents-in-Suit. With

3

respect to Defendant's argument regarding non-asserted claim 10 of the '261 Patent, claim 10 merely brings in another component—a microcontroller. There is no indication in the language of claim 10 that the term "directive" is being used in a way that is narrower or contradictory to its use in independent claim 1. Further, Plaintiff's position that the '261 Patent's dependent claims narrow the meaning of "directive" because claim 1 of the '261 Patent does not include the limitation of "control of at least one vehicle device" is factually incorrect. Indeed, claim 1 of the '261 Patent explicitly states:

> ...wherein said firewalled controller allows a directive to be transmitted to said firewall through said at least one communication bus *which controls said at least one vehicle device* and said firewall allows said directive through a second at least one data communications bus *which controls said at least one vehicle device*...
> (emphasis added)

Additionally, Defendant's argument that Plaintiff's proposed construction should be rejected because it contains a negative limitation is similarly untenable. Plaintiff's construction draws a distinction between "data that serves as an instruction or command" and "mere data content" that is explicitly expressed in the specification of the '261 Patent. (*See* '261 col. 3: 19 – 20)("[t]he firewall may change the directive *and/or* content of data prior to transmission")(emphasis added); Dkt. 56-1 at ¶ 10; *Omega Engineering Inc. v. Raytek Corp.,* 334 F.3d 1314, 1322–23 (Fed. Cir. 2003)(explaining that a negative limitation may be imparted to a claim term if supported by the specification).

    **C.**    **Crux's remaining arguments do not inform the construction of "directive"**

Defendant misses the point made by Plaintiff's expert, Roy A. Griffin. As discussed above, the term directive is separate and distinct from data content. In paragraph 12 of his

declaration, Mr. Griffin simply explains how a person with ordinary skill in the art would understand the specification to teach an embodiment claimed by the asserted claims that incorporates directives as opposed to mere data content.  Dkt. 56-1 at ¶ 12.  The embodiment cited by Mr. Griffin ('261 col. 4:63-5:11, 5:12-5:49) further affirms the distinction between directive and data content.  *Id.* at ¶ 12.

## II.     CONCLUSION

For the reasons given above, Plaintiff respectfully requests that the Court construe the term "directive" as data that serves as an instruction or command, as opposed to mere data content.

Dated: July 18, 2016

Respectfully submitted,

s/ Darius Keyhani
DARIUS KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice* admission pending
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Email: atindel@andytindel.com

*Attorneys for Plaintiff NAV-TV, Corp*

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 18th day of July, 2016.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

s/ Darius Keyhani
Darius Keyhani
